UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CARGILL WALLS,

    Petitioner,                            Civil No. 2:17-CV-10158
                                            HONORABLE NANCY G. EDMUNDS
v.                                             UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Thomas Cargill Walls, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to commit murder, Mich. Comp. Laws § 750.83; and felony-firearm, Mich. Comp. Laws § 750.227b. Respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argues that the petition is subject to dismissal because it contains a claim which has not been properly exhausted with the state courts. In *lieu* of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

### I. Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court.

1

Petitioner, through appellate counsel, filed a motion for the Michigan Court of Appeals to remand his case to the trial court to conduct an evidentiary hearing on his ineffective assistance of counsel claims pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973). In his motion to remand and supporting brief, petitioner alleged three ineffective assistance of trial counsel claims:

> Trial counsel was ineffective for (A) failing to strike a juror who was the elder sister of a key prosecution witness, which created structural constitutional error; (B) failing to call eye witnesses who would have verified that Mr. Walls was not the shooter; and (C) failing to elicit testimony establishing that Mr. Wall was in Toledo when the shooting happened in Flint. [1]

Petitioner also submitted a brief on appeal raising these three ineffective assistance of counsel claims. [2]

The Michigan Court of Appeals granted petitioner's motion to remand.

On remand, petitioner's appellate counsel filed a motion for a new trial, in which she raised only two ineffective assistance of counsel claims:

> Trial counsel was ineffective for (A) failing to strike a juror who was the elder sister of a key prosecution witness, which created structural constitutional error; and (B) failing to call eye witnesses who would have verified that Mr. Walls was not the shooter. [3]

An evidentiary hearing was conducted on May 31, 2013, June 17, 2013, and July 31, 2013. Petitioner's appellate counsel presented witnesses only on petitioner's first two

---

[1] See Motion to Remand and Brief in Support of the Motion to Remand. [Dkt. # 11-12, PG ID 585-610].

[2] See Defendant-Appellant's Brief on Appeal, dated August 17, 2012. [Dkt. # 11-12, PG ID, 635-655].

[3] See Motion for New Trial and Brief in Support of the Motion for a New Trial, dated July 17, 2013 [Dkt. # 11-12, PG ID 695-724].

2

ineffective assistance of counsel claims. At the conclusion of the hearing, petitioner's appellate counsel explicitly informed the trial judge that she was not pursuing petitioner's third ineffective assistance of counsel claim involving counsel's failure to present an alibi defense. (Tr. 7/31/13, p. 17). The trial judge denied petitioner's motion for a new trial. (*Id.*, pp. 17-21).

Following the remand, petitioner's appellate counsel filed a brief after remand, in which she raised only two ineffective assistance of counsel claims:

> Trial counsel was ineffective for (A) failing to strike a juror who was the elder sister of a key prosecution witness, which created structural constitutional error; and (B) failing to call eye witnesses who would have verified that Mr. Walls was not the shooter. [4]

Petitioner's counsel also separately filed a supplemental brief on appeal, in which she alleged that petitioner's Sixth and Fourteenth Amendment rights had been violated by the judge's scoring of petitioner's sentencing guidelines. [5]

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Walls,* No. 307647, 2014 WL 238597 (Mich.Ct.App. Jan. 21, 2014).

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court, in which he raised three ineffective assistance of counsel claims, including the claim involving counsel's failure to call alibi witnesses. Petitioner also challenged the scoring of

---

[4] See Defendant-Appellant's Brief After Remand, dated August 13, 2013. [Dkt. # 11-12, PG ID 755-781].

[5] See Defendant-Appellant's Supplemental Brief on Appeal. [Dkt. # 11-12, PG ID 735-751].

the sentencing guidelines. [6]

The Michigan Supreme Court reversed in part the Michigan Court of Appeals opinion and remanded petitioner's case to the state trial court pursuant to *People v. Lockridge,* 498 Mich. 358, 870 N.W. 2d 502 (2015), for a determination of whether the court would have imposed the same sentence had the sentencing guidelines not been mandatory. *People v. Walls*, 498 Mich. 901, 870 N.W.2d 701 (Mich. 2015). The Michigan Supreme Court denied the application for leave to appeal with respect to petitioner's other issues. *Id.*

On remand, the trial judge indicated that he would have imposed the same sentence even if the guidelines were not mandatory at the time of petitioner's sentence. *People v. Walls,* No. 11-1028151-FC (Genesee Cty.Cir.Ct., Nov. 4, 2016).

Petitioner has now filed a petition for writ of habeas corpus, seeking relief on the following grounds:

> I. Trial counsel was ineffective for: (A) failing to strike juror Asia Moody, who is the elder sister of key prosecution witness Charles Moody, which created structural constitutional error; (B) failing to call eyewitnesses who would have verified that [Walls] was not the shooter; and (C) failing to elicit testimony that [Walls] was in Toledo, Ohio when the shooting happened in Flint, Michigan.
>
> II. [Walls's] Sixth and Fourteenth Amendment rights were violated by judicial fact finding, which increased the floor of the permissible sentence, in violation of *Alleyne v. United States.*

## II. Discussion

Respondent argues that petitioner's habeas application is subject to dismissal because it contains claims which have not been properly exhausted with the state courts.

---

[6] See Application for Leave to Appeal. [Dkt. 11-13].

4

As a general rule, a state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional issue, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she exhausted his or her claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Respondent initially argues that petitioner's third ineffective assistance of trial counsel claim alleging that counsel was ineffective for failing to present an alibi defense was not properly exhausted with the state courts because petitioner abandoned the claim at the *Ginther* hearing and in his subsequent brief after remand with the Michigan Court of Appeals. This Court agrees.

Petitioner raised his third ineffective assistance of counsel claim in his initial motion to remand with the Michigan Court of Appeals. However, after that court granted the motion to remand, petitioner's appellate counsel omitted this claim from the motion for a new trial that she filed with the trial court. Appellate counsel also explicitly informed the judge at the *Ginther* hearing that she was not pursuing any claim involving trial counsel's

5

failure to present an alibi defense. Petitioner's appellate counsel did not raise any claim involving trial counsel's failure to pursue an alibi defense in the brief after remand that was filed with the Michigan Court of Appeals.

Where a defendant fails to pursue an ineffective assistance of counsel claim at the *Ginther* hearing and does not address the issue in his or her subsequent brief on appeal, the Michigan Court of Appeals considers that issue abandoned for appellate review. *See People v. Smith*, No. 328736, 2017 WL 104977, at * 2, n. 2 (Mich. Ct. App. Jan. 10, 2017); *People v. Stadler*, No. 245895, 2004 WL 2624741, at * 7 (Mich. Ct. App. Nov. 18, 2004). Petitioner's abandoned his claim involving trial counsel's failure to present an alibi defense by not pursuing it at the *Ginther* hearing or in his subsequent brief after remand with the Michigan Court of Appeals. A claim that is abandoned on appeal is considered unexhausted. *Cf. Fitchett v. Perry*, 644 F. App'x. 485, 489 (6th Cir. 2016).

Although petitioner did present his third claim in his application for leave to apepal to the Michigan Supreme Court, this would be insufficient for exhaustion purposes. A habeas petitioner's raising of a claim for the first time before the state courts on discretionary review does not equal a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his third ineffective assistance of counsel claim on his appeal of right with the Michigan Court of Appeals, the subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006). Petitioner's third claim is unexhausted.

Respondent also claims that petitioner's sentencing claim is unexhausted. It is not clear whether petitioner's sentencing claim is exhausted or not. Petitioner's claim alleges that the judge violated his Sixth and Fourteenth Amendment rights by using facts that had not been submitted to a jury or admitted to by petitioner in scoring his sentencing guidelines. To the extent that petitioner is now raising a claim that the judge sentenced him over what petitioner believes should have been the correctly scored guidelines range, this claim appears to have been exhausted. To the extent that petitioner is alleging that the judge erred in failing on remand to reduce his sentence, this claim does not appear to have been exhausted with the courts.

Petitioner has failed to exhaust at least one, and possibly two, claims with the state courts.

Although respondent argues that these two claims are unexhausted, he urges this Court to reject them on the merits. This Court declines to do so, at least with respect to petitioner's unexhausted ineffective assistance of counsel claim.

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). In certain cases, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts

7

the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991).

If petitioner's only unexhausted claim was his challenge to his sentence, this Court would adjudicate this claim on the merits. Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

Petitioner's ineffective assistance of counsel claim, however, is another matter. Petitioner claims that trial counsel was ineffective for failing to present an alibi defense. A criminal defendant has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 686 (1984). A defense counsel may be ineffective for failing to investigate and present possible alibi witnesses. *See e.g. Clinkscale v. Carter,* 375 F.3d 430, 443 (6th Cir. 2004). Petitioner appears to be raising a colorable ineffective assistance of counsel claim.

"In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F. 3d 714, 722 (9th Cir. 2017)(*quoting Cassett v. Stewart*, 406 F. 3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (*quoting Cassett*, 406 F. 3d at 624).

In *Wagner v. Smith*, 581 F. 3d at 414, the Sixth Circuit addressed a habeas petition involving several unexhausted claims that had been rejected on the merits by another judge in this district. The Sixth Circuit remanded the matter back to the district court. Although the Sixth Circuit discussed the four available options for addressing a habeas petition which contained unexhausted claims, including the option of denying the unexhausted claims on the merits, *Id.* at 419 (discussing the four options), the Sixth Circuit strongly suggested that the district court should consider staying the petition and holding it in abeyance to permit petitioner to return to the state courts to properly exhaust these claims, because the claims were not "plainly meritless." *Id.* at 419-20. On remand, the district court vacated its opinion and order denying petitioner habeas relief, held the petition in abeyance to permit petitioner to return to the state courts to exhaust his claims, and administratively closed the case. *Wagner v. Smith,* U.S.D.C. 2:06-CV-10514 (E.D. Mich. Nov. 13, 2009).

The Sixth Circuit recently again reversed another judge in this district for rejecting an unexhausted ineffective assistance of counsel claim on the merits. See *Hickey v. Hoffner,* No. 16-1186, 2017 WL 2829523, ---- F. App'x.---- (6th Cir. June 30, 2017). In the *Hickey* case, the petitioner alleged that trial counsel was ineffective for failing to call alibi witnesses and other exculpatory witnesses. Although agreeing with the district court that the claims were unexhausted, the Sixth Circuit ruled that they could not find petitioner's ineffective assistance of counsel claims to be plainly meritless, so as to deny relief on the merits, because petitioner raised a "colorable" ineffective assistance of counsel claim. *Id.,* at * 3-4. The Sixth Circuit vacated the district court decision denying habeas relief and remanded the matter to the district court to determine whether the petition should be held

9

in abeyance to allow petitioner to return to the state courts to exhaust his claims. *Id.*

Petitioner's claim alleging that trial counsel failed to call alibi witnesses is not plainly meritless because he raises a colorable ineffective assistance of counsel claim. This Court cannot categorically state that petitioner has absolutely no hope of prevailing on this claim either in the state courts or in the federal court. Because this unexhausted claim has "not yet been fully developed, it would be premature for the Court to assess [its] merits." *Adams v. Haas*, No. 15-11685, 2017 WL 264506, at *2 (E.D. Mich. Jan. 20, 2017).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d at 419. Petitioner could exhaust this claim by filing a motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are

not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v Smith,* 581 F. 3d at 419. Petitioner may assert that he did not previously raise his ineffective assistance of trial counsel claim in the state courts due to the ineffective assistance of appellate counsel. *Wagner,* 581 F. 3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics." [7]

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim or claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted). [8]

---

[7] This Court notes that although the Sixth Circuit in *Wagner,* 581 F. 3d at 419-20 believed that the unexhausted claims were not plainly meritless, so as to justify holding the case in abeyance to permit petitioner to exhaust these claims, the Sixth Circuit affirmed the denial of habeas relief on these same claims when the case came before that court again after petitioner exhausted these claims. *See Wagner v. Klee*, 620 F. App'x. 375, 377 (6th Cir. 2015). This indicates that the threshold for a claim to rise above the "plainly meritless' standard is fairly low.

[8] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7

### III.  ORDER

Accordingly, **IT IS ORDERED** that that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order.  If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims.

Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

---

(6th Cir. 2005).

**SO ORDERED.**

                                          s/ Nancy G. Edmunds
                                          HON. NANCY G. EDMUNDS
                                          UNITED STATES DISTRICT JUDGE

DATED: 9/19/17

## CERTIFICATION

I hereby certify that a copy of this order was mailed/issued to all counsel/parties of record on this 19th day of September, 2017 by regular U.S. Mail and/or CM/ECF.

                                          s/ Carol J Bethel
                                            Case Manager